Caruthers, J.,
delivered the opinion of the Court.
This is an indictment under the act of 1831, ch. 103, secs. 1 and 2, and is the first which has come before us. The description of the offence is thus given in the act:
*141 “ Sec. 1. All assemblages of slaves in unusual numbers, or at suspicious times and places, not expressly authorized by the owners, shall be held and considered an unlawful assemblage.
“ Sec. 2. Any person who shall knowingly permit any such assembly to be held on his or her land or premises, * * * shall be liable to presentment or indictment, and, on conviction, fined at the discretion of the Court.”
The first section defines what is meant by an unlawful assemblage of slaves, that is, where the number is “unusual,” or the time and place, “suspicious,” making two distinct cases. If there be nothing suspicious as to the time and place, still, if the number is unusual, the offence exists; and even if the number is not unusual, yet if the time and place are suspicious, the offence is complete. But in either case, the owner of the land on which they meet, is not criminated unless he “ lenowingly permits ” it. Both his knowledge and permission must be established, to constitute the offence, in addition to the fact of the assemblage. But if all this be made out by the State, the statute provides an effectual de-fence ; that is, that the slaves were “ expressly authorized by their owners ” to be there. A question is made as to the onus of proof upon the point of the owner’s authority to their slaves to be at such assembly. We think this is matter of defence, and it devolves on the defendant to make it out by positive or circumstantial evidence, as held by His Honor, the Circuit Judge, in his charge. But this is not now of much importance, as this provision is dropped in the 2691st section of the Code, in the description of the same offence.
*142 The argument is unsound, that to constitute the of-fence the slaves, when assembled, must do some other unlawful act. That is not made an element bj the Legislature, and we are not authorized to add it. It is a police regulation, founded on sound policy. It cannot, however, be understood to apply to such cases as are put in the argument; such as congregations of slaves on occasions of funerals, preaching, ■ and other ordinary lawful purposes, by permission of their owners, express or implied. The present case does not fall under any of those exceptions, -It was an assembly of an unusual number, some forty or fifty, for social enjoyment, and without the permission or even the knowledge of the owners, from anything that appears. It is difficult to see to what sort of case the act would apply if not to this. The act does not make it necessary that there should be any appearance of suspicion to constitute the offence where the number is “unusual.” If the “time and place ” are calculated to excite suspicion, the number would not be material. What number would be regarded as “ unusual,” is not capable of any exact definition, but must be left for construction in reference to the facts of the particular case.
The defendant was convicted and fined fifteen dollars. We affirm the judgment.